■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALVIN FRANCIS, Appellant.— Appeal from a judgment of the County Court of Sullivan County, rendered September 21, 1970, upon a 1969 plea of guilty to criminally selling a dangerous drug in the second degree (Penal Law, § 220.35), the original sentence having been vacated because of a failure to advise defendant as to a right to appeal and defendant having been resentenced *nunc pro tunc* upon the previous guilty plea to an indeterminate term for a maximum period of nine years. Defendant was indicted in a multiple count indictment charged with the criminal sale and possession of dangerous drugs and, thereafter, was permitted to withdraw his former plea of not guilty and enter one of guilty to the first count charging criminally selling a dangerous drug in the second degree in violation of section 220.35, in disposition of the indictment. Upon resentencing defendant, in the presence of his attorney, stated that the reason he entered a guilty plea was so that he " would get the narcotics program" and, if this be interpreted as an application to withdraw said plea, the County Court did not err or abuse its discretion in not granting same since defendant, who stated he was changing his plea because he was guilty and for no other reason, did not present nor does the record reveal justification for such withdrawal (cf. *People* v. *McKennion,* 27 N Y 2d 671; *People* v. *Beasley,* 25 N Y 2d 483, 488). In connection with a *coram nobis* application determined by an order entered September 16, 1970, the County Court found, after a hearing, that defendant was not deceived into pleading guilty by anyone, although he did indicate after the imposition of sentence that he was disappointed as to the extent of the sentence. Judgment affirmed. Reynolds, J. P., Staley, Jr., Cooke, Sweeney and Simons, JJ., concur.

■ In the Matter of the Claim of MARGIE RIVERA, Appellant, v. CITY OF NEW YORK, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed March 11, 1970, which disallowed a claim for compensation under the Workmen's Compensation Law. There was substantial evidence to support the board's finding that claimant's employment was that of a clerk, not enumerated as a hazardous occupation under section 3 of said law, and that her duties did not require her to operate a hand truck nor was she operating same. Decision affirmed, without costs. Herlihy, P. J., Reynolds, Greenblott, Cooke and Simons, JJ., concur.